LAW OFFICES OF TIMOTHY S. THIMESCH
TIMOTHY S. THIMESCH, ESQ., No. 148213
 *tim@thimeschlaw.com*
GENE A. FARBER - Of Counsel, No. 44215
 *genefarber@gmail.com*
4413 Prairie Willow Ct.
Concord, CA 94521-4440
Tel: 925/588-0401
Fax: 888/210-8868

Attorneys for Plaintiff FRANCISCA MORALEZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>          Plaintiff,<br><br>v.<br><br>THE WESTIN HOTEL PALO ALTO;<br>BOARD OF TRUSTEES OF THE LELAND<br>STANFORD JUNIOR UNIVERSITY;<br>MARRIOTT INTERNATIONAL, INC.;<br>PACIFIC HOTEL MANAGEMENT, LLC;<br>PACIFIC LAND DEVELOPMENT<br>VENTURE, L.P.; PLDV, INC.; PALO ALTO<br>HOTEL DEVELOPMENT VENTURE, L.P.;<br>PAHDV, INC.; CITY OF PALO ALTO; and<br>DOES 1 through 30, Inclusive,<br><br>          Defendants. | Case No.<br>Civil Rights<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF AND DAMAGES:** DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AND CALIFORNIA'S DISABLED RIGHTS STATUTES<br><br><u>Intradistrict Assignment</u>: San Jose |

Comes now plaintiff FRANCISCA MORALEZ and alleges:

1.   She appears for herself and all other similarly situated individuals with disabilities.

2.   She hereby complains of the following defendants:

     a.     THE WESTIN HOTEL PALO ALTO, an unregistered association or partnership, the actual form unknown.

     b.     THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, a body having corporate powers under the laws of the State of California.

1        c.    MARRIOTT INTERNATIONAL, INC., a foreign business entity doing

2   business in California.

3        d.    PACIFIC HOTEL MANAGEMENT, LLC, a domestic entity.

4        e.    PACIFIC LAND DEVELOPMENT VENTURE, L.P., a domestic limited

5   partnership, and as the registered owners of the subject parcels at 625 and 675 El Camino.

6        f.    PLDV, Inc., as the registered general partner in Pacific Hotel Development

7   Venture, L.P.

8        g.    PALO ALTO HOTEL DEVELOPMENT VENTURE, L.P., a domestic limited

9   partnership, and as the registered owner of the subject parcels at 624 and 675 El Camino.

10        h.    PAHDV, Inc., as the registered general partner in Palo Alto Hotel Development

11   Venture, L.P.

12        i.    CITY OF PALO ALTO, a municipal corporation.

13        j.    DOES 1 through 30, Inclusive.

14   3.    All facts herein are alleged to be true on the date of the incident and through the time of

15   filing this complaint.

16   4.    To assist court and counsel, plaintiff provides the following table of contents:

17   **TABLE OF CONTENTS**

I.   Introduction...................................................................................3
II.  Jurisdiction and Venue ...............................................................4
III. Parties & Facts.............................................................................5
     A. Moralez...................................................................................5
     B. Plaintiff's Counsel.................................................................7
     C. Defendants.............................................................................8
     D. Sister Hotels ........................................................................11
     E. Website.................................................................................11
     F. The Property.........................................................................12
     G. Construction Work ..............................................................13
     H. Absence of Defenses ...........................................................14
     I.  Standing...............................................................................17
     J.  Damages...............................................................................20
     K. Violations ............................................................................22

IV. Causes of Action

     I.    Title III of the Americans with Disabilities Act...........................22
     II.   Health & Safety Code Section 19955 et seq. ...............................25
     III.  Disabled Rights Act, Civil Code §§ 54 et seq. ...........................26
     IV.   Unruh Civil Rights Act .................................................................27
     V.    Government Code Section 12948 ..................................................28
     VI.   Negligence......................................................................................29

Verified Complaint for Equitable Relief and Damages

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

VII.  Declaratory Relief .......................................................................................30
VIII.  Business & Prof. Code 17200 & 17500 ....................................................31
IX.  Title II of the Americans with Disabilities Act ...........................................32
X.  Section 504 of the Rehabilitation Act of 1973 ...........................................35
XI.  Government Code Sections 4450-4456 and Sec. 11135 .............................37

V.  Prayer .............................................................................................................38

VI. Verification .....................................................................................................40

Proof of Service upon California Commission on Disability Rights ........................40

**I.    Introduction**

5.    Plaintiff FRANCISCA MORALEZ has physical disabilities that require her full time use of a wheelchair for mobility as well as the use of other aids for accomplishing ordinary tasks.

6.    The named private defendants each own, operate, lease, or control the property and/or site improvements constituting the Westin Palo Alto and its neighboring sister hotel the Sheraton Palo Alto.

7.    The CITY OF PALO ALTO is responsible for the public sidewalks in the neighborhood of the two subject hotels.

8.    The subject sidewalks run

9.    The below identified facilities, amenities, and services of the Westin Palo Alto and Sheraton Palo Alto are inaccessible to individuals using wheelchairs, including, but not limited to, the facilities, services, and amenities associated with the web reservation facilities, the site arrival facilities, the registration lobby facilities, the retail facilities; the recreational facilities, the patio and deck facilities, the restaurant and bar facilities, the public restroom facilities, the conference center facilities, and, most humiliatingly, the guestroom facilities themselves. Some of these conditions are created strictly through the failure of defendants' policies, practices, and procedures as well as their failure to engage adequate employee training.

10.  Plaintiff files this action for herself and all other similarly situated members of the public to vindicate rights under, inter alia, under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; Health & Safety Code §§ 19955ff; Civil Code §§ 54 and 54.1; and Business & Professions Code §§ 17200 and 17500. She alleges the defendants

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 3 –
TOC

violated these statutes by failing to provide full and equal access.

11. Because of the inaccessible public sidewalks, curb ramps, and related facilities, additional causes of action are brought against the Government Entity Defendants and strictly as to that facility under Title II of the ADA, 42 U.S.C. §§ 12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; and Government Code §§ 4450-4456; 11135; and 12948.

12. Her goals are positive and seek to achieve, *inter alia*:

    a.    Modification of policies, practices and procedures denying access to hotel goods and services.

    b.    Correction of discriminatory conditions on defendants' website.

    c.    Elimination of inaccessible structural and programmatic facilities.

    d.    Accessible public sidewalks and streetside facilities. And,

    e.    Meaningful equality.

## II. Jurisdiction and Venue

13. The Court's original jurisdiction is conferred for violations of 42 U.S.C. 12101, et seq. and 29 U.S.C. §794a.

14. It holds supplemental jurisdiction over violations of California is proper, including for:

    a.    Health & Safety Code Sections 19955 *et seq.*

    b.    Civil Code Sections 51 *et seq.*, 54 and 54.1 *et seq.*

    c.    Government Code §§ 4450-4456; 11135; and 12948.

    d.    Business & Professions Code § 17200 *et seq.*, and

    e.    Negligence.

15. Venue and intradistrict assignment are proper in this district because the subject real property is located within this district.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

— 4 —
TOC

## III. Parties & Facts

### A. Francisca Moralez

16. Since 2013, Moralez' place of domicile has been in Antioch, California, and since 1996, in the Bay Area since 1996.

17. Approximately twice per year, she visits Palo Alto for personal reasons.

18. At all times relevant, she has been qualified as an individual with a disability (and aggrieved or potentially aggrieved) for all purposes under the ADA and California law.

19. She has rheumatoid arthritis.

20. This condition affects major life activities.

21. Her knees are completely deteriorated and bent at a ninety-degree angle.

22. She has no ability to ambulate, no ability to stand, has a diminished grip, and diminished strength reach range limitations. Each of the subject conditions of these hotels and public sidewalks, as described in Exhibit 1, affect these specific disabilities.

23. Her physical conditions require:

    a. Full-time use of a wheelchair for mobility.

    b. When driving, having to use a specially adapted van equipped with transfer set controls and a lift.

    c. Access to readily accessible and usable bathroom facilities due to urinary tract issues.

    d. Use of adaptive physical techniques for reaching objects and operating doors and activating controls.

    e. And careful movements along sloped ground and floor surfaces and over and around abrupt changes in rise.

24. *Stability and Transfer*. Moralez relies upon the three sides of her chair as points of safety and for stability. She becomes vulnerable to falling when leaving the chair for bathing or for use of sanitary facilities. Her ability to make safe transfers is reliant upon accessible facilities. In making a transfer, she is dependent upon the availability of adjacent grab bars, handholds, or other means of vertical support.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 5 –

TOC

25.   *Grip, Strength, Operation, Reach, and Use.* She has a diminished grip. Due to inflammation in her elbows, wrists, hands, shoulders, and forearms, she has diminished strength in both of her arms and hands. Because of these physical conditions, as well as her natural seated position when moving about in public, she has:

     a.   Reach limitations; and

     b.   Difficulty performing fine motor tasks, especially those that require tight grasping, pinching, or twisting of the wrist.

     c.   Conditions such as controls and amenities placed outside of reach range usually require repositioning in her chair and cannot be operated in a readily accessible and readily usable manner.

26.   Equipment. She has a disabled license plate and placard issued by the DMV. She owns and uses a wheelchair and ramp-equipped vehicle. Her physical disabilities qualify her for using designated accessible parking facilities. She utilizes a medical bed.

27.   *Reliance on Notice.* To avoid searching and backtracking, activities which can cause Moralez a loss of stamina and fatigue, she relies upon directional signage indicating the accessible route.

28.   *Stamina*. Moralez' physical disabilities require utilizing facilities that are readily accessible and usable by persons using wheelchairs and with her grip, strength, and reach limitations. As an example, traversing sudden changes in rise in the pedestrian path are a grave cause of difficulty, will cause her actions to be guarded actions, often require her to reposition in her chair, and frequently result in discomfort and pain. Part of her daily endurance also depends upon that of her battery-powered equipment or that of her physical endurance when using her manual chair. For these reasons, facilities that fail to comply with access codes cause her such risk, fatigue, and limitation.

29.   She has no adequate remedy at law as to the recurring damages facing her each time that she and other similarly situated disabled persons return to these inaccessible facilities.

30.   Unless the relief requested herein is granted, she and other guests with disabilities will suffer irreparable harm in that their fundamental right to seek accessible public facilities will be

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

abridged and denied.

31.  She has no obligation to make any disclosures related to that of high frequency litigants.

32.  The statute defining such litigants is inapplicable to her because of the following:

    a.    In the last twelve-month period, she has filed less than 10 new actions.

    b.    Nearly without an exception, all her past suits alleging construction-related accessibility violations have both sought and/or obtained resolutions and settlement requiring remedial repairs to comply with the ADA and/or state law.

**B.  Plaintiff's Counsel**

33.  Moralez' attorney has no obligation to make a disclosure related to high frequency litigants because the statute defining such counsel is inapplicable to his practice.

34.  The foregoing is true for at least the following reasons:

    a.    Almost exclusively during most of his 33 years of practice he has specialized in resolving construction-related access claims, with his overall average of such filings easily averaging less than 10 per year.

    b.    He has never represented a high-frequency litigant and has an overall career average of filing less than approximately 2.5 cases per client with disabilities and has represented the instant plaintiff in only three cases, which counts the instant matter.

    c.    With only rare exception, all suits in which he has represented clients with disabilities have succeeded in obtaining significant and enforceable injunctive relief and usually through a consent decree judgment or another form of court-enforceable settlement agreement.

    d.    This case involves a Zagat Rated 4-Star Luxury Resort, with 315 hotel rooms and extensive spa and gourmet restaurant facilities.

    e.    There are approximately 2,800 architectural barrier conditions at issue in this case, as well as many policy and programmatic obligations.

    f.    The investigative preparation involved a substantial investment in time and monetary resources. Conducting the due diligence for this facility involved multiple trips to the

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 7 –

TOC

1  site and building department, a through pre-suit inspection, a lengthy report, an inspection of

2  hundreds of construction records and archived articles, and the preservation of conditions

3  through several hundred measurements and many hundreds of photographs.

4         g.    The federal and state claims are inextricably intertwined because they involve

5  almost complete overlap for scoping and design. For instance, out of the all the barrier

6  conditions, there is a corresponding – and always exactly matching, obligation under the state

7  and federal codes. There are very <u>few</u> obligations where the CBC or ADAS involves a higher

8  obligation than the other, such as the CBC requiring a lower height for door hardware than

9  specified in ADAS. But these are the exception.

10

11  **C. Defendants**

12    35.  "Defendants" are THE WESTIN HOTEL PALO ALTO, an unregistered business

13  entity; BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY;

14  MARRIOTT INTERNATIONAL, INC.; PACIFIC HOTEL MANAGEMENT, LLC; PACIFIC

15  LAND DEVELOPMENT VENTURE, L.P.; PLDV, INC.; PALO ALTO HOTEL

16  DEVELOPMENT VENTURE, L.P.; PAHDV, INC.; CITY OF PALO ALTO; and DOES 1

17  through 30, Inclusive.

18    36.  Herein, plaintiff shall refer to all named defendants except the CITY OF PALO ALTO

19  and DOES 25 through 30, Inclusive, as the "Private Hotel Defendants."

20    37.  While visiting and staying overnight, Plaintiff has a walking route that roughly

21  encompasses both sides of the streets on Camino Real and Urban Lane, as bounded by both sides

22  of the street on Wells Ave. and University Avenue. These streetside facilities and their public

23  sidewalks form the boundary of the government facilities.

24    38.  Plaintiff shall refer to the CITY OF PALO ALTO and DOES 31 through 30, Inclusive,

25  as the "Government Defendants." The claims that relate to these defendants are strictly those

26  within Exhibit 1 that are marked as "Palo Alto" (e.g., the public sidewalk and drop off

27  conditions, the curb ramps and counter slopes, etc.).  Other City facilities that outside the subject

28  geographical boundaries are outside the scope of this Complaint.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

1    39.  On information and belief, defendants PACIFIC HOTEL MANAGEMENT, LLC;

2    PACIFIC LAND DEVELOPMENT VENTURE, L.P.; PLDV, INC.; PALO ALTO HOTEL

3    DEVELOPMENT VENTURE, L.P.; PAHDV, INC.; and DOES, through their business and

4    corporate ownership structure, own the land and buildings comprising the Westin Hotel, and

5    either operate and manage the hotel themselves, or have leased or entered contracts with

6    unknown third parties, including MARRIOTT INTERNATIONAL, INC.; or DOES, to do this

7    for them. Presently, plaintiff cannot ascertain the true scope of management, operation, and

8    controls of the two subject hotels without discovery, as this information is private and not

9    available through public sources.

10    40.  According to assessor documents, defendant the BOARD OF TRUSTEES OF THE

11    LELAND STANFORD JUNIOR UNIVERSITY is the master lessor of the parcel comprising the

12    Sheraton Hotel, leasing to defendant PACIFIC LAND DEVELOPMENT VENTURE, L.P., who

13    is a sub-lessor.

14    41.  On the date of this filing, plaintiff lacks access to the private business records that

15    would demonstrate whether the entity Pacific Hotel Development Venture, L.P., and its equity

16    general partner PHDV, Inc., have a remaining relationship to the hotel, and her representatives

17    will require access to discovery to ascertain this information, and on this basis, reserves her right

18    to join these entities later.

19    42.  On the date of this filing, plaintiff lacks access to the private business records that

20    would demonstrate whether the corporate entities comprising the national Sheraton and Westin

21    brands participate in the ownership, lease, operation, and control of the subject hotel, and her

22    representatives will require access to discovery to ascertain this information, and on this basis,

23    reserves her right to join these entities later.

24    43.  One or more of the defendants is a serial offender because:

25        a.    On information and belief, each has been sued one or more times for access

26    violations, yet has never bothered to perform proactive CASp surveys and other company

27    owned locations to ensure their facilities comply with construction and programmatic

28    obligations under the ADA and California law, or, alternatively, has performed the such a

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

−9−
TOC

CASp survey but ignored its recommendations or limited the scope of the inspection to identifying only programmatic violations, i.e., without regard to the more extensive construction obligations.

      b.    Instead, each follows a distinct pattern and practice of pretending to be "grandfathered," or ignoring their obligations altogether, or simply remaining ignorant of them until being sued.

44. Defendants were on notice and knew their barriers and practices would act to exclude and deter individuals using wheelchairs.

45. And thereby deny them full and equal access.

46. In fact, the barriers in the guestroom bathroom are so obvious as to implicate a case of discriminatory intent.[1/]

47. Defendants' inaction was thus in complete indifference to the probable result.

48. In the instant case, Plaintiff complained directly to staff and management. But her complaints were waived off as not being applicable to "an existing building built before the ADA."

49. She also sent detailed written notice regarding her complaints by certified return receipt on December 14, 2021, but received no response from defendants.

50. She is further informed and believes that, long before her visit, defendants were:

      a.    Made aware of their barriers, access obligations, and the effect on wheelchair users.

      b.    Such awareness was made through, inter alia, prior complaints received from persons with disabilities.

      c.    Also, through media sources.

      d.    Also, through governmental sources.

      e.    Also, through trade groups.

      f.    Also, through past litigation.

      g.    Also, through the sophistication of this major company.

---

[1] *See, Gunther v. Lin* (2006) 144 Cal.App.4th 223, 229, ftn. 6.

Verified Complaint for Equitable Relief and Damages

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

h.   And defendants were thus on notice.

i.   Despite this notice, defendants have knowingly failed and refused to cure.

j.   Such conduct was thus despicable.

k.   It was thus made in conscious disregard of the known effects.

51.  This conduct thus justifies imposition of treble and/or punitive damages, were available.

**D.  The Sister Hotels**

52.  The two hotels share common ownership, management, and employees, who refer to the two hotels to their guests as "sister hotels." They invite their guests, like plaintiff, to transfer between the hotels, particularly when rooms become unavailable, they allow guests utilize the parking, bar, restaurant, and recreational facilities at both hotels, write their restaurant charges at one hotel to their room at the other hotel, etc. They also advise guests of events at their neighboring hotel and provide a direct marked path of travel connecting the two hotels.

53.  Plaintiff complains that the connecting path of travel located on the north side entrance of the Westin requires ascending a series of steps, and that this route is not otherwise connected by a ramp, lift or other form of elevated access, to plaintiff's damage.

54.  While staying at the Westin and complaint about problems she had as outlined herein, plaintiff was invited to move to the Sheraton. However, after encountering and investigating its own accessibility problems, she declined.

55.  She would like to revisit and stay and both hotels and enjoy their amenities when all access conditions have been corrected.

**E.  The Website**

56.  The hotel's two websites at https:// www. marriott.com/ en-us/hotels/ sjcwp-the-westin-palo-alto/ overview/, and https://www. marriott. com /en-us/ hotels/ sjcsi-sheraton-palo-alto-hotel/ overview/, advertise accommodations exclusively for the subject Westin Palo Alto and Sheraton Palo Alto, respectively.

57.  According to information and belief, this website was created, and is owned and

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

1    managed by Defendants.

2        58.  In many instances, these websites claim falsely that the hotels have accessible

3    guestrooms and suites have accessible facilities when the inspection of plaintiff's representatives

4    have confirmed the rooms are not fully accessible.

5        59.  According to information and belief, this hotel is responsible for the failure of other

6    third-party travel sites that also fail to publish data concerning this hotel's accessibility options.

7    This is because the hotel's failure to report accurate and complete information in turn causes

8    other sites such as Experida.com, Hotels.com, Trivago.com, Reservations.com, etc., to also lack

9    the necessary data. Consequently, Defendants additionally violate the third-party obligations

10   imposed by § 36.302.

11       60.  Regarding information and belief, the hotel provides both its website staff and hotel

12   staff with insufficient formal training, handbook or written policy, practices, and procedures for

13   accommodating guests with disabilities.

14

15   **F.  The Hotel Properties**

16       61.  The five subject buildings, their main Porte Cochère, their public sidewalks and

17   walkways, their amenities, and their courtyards and grounds, etc., that together form the Westin

18   Palo Alto, are located at the physical address of 675 Camino Real, Palo Alto, California, assessor

19   parcel number 120-32-033.

20       62.  The two subject buildings, their main passenger loading area, their parking lots, their

21   fountain area, their public sidewalks and walkways, their amenities, their courtyards and

22   grounds, etc., that together comprise the Sheraton Palo Alto are located at the neighboring

23   physical address of 625 Camino Real, parcel number 120-32-006.

24       63.  Hereafter, these two parcels shall be referred to as the "Subject Parcels."

25       64.  Both hotels constitute facilities operated by private entities whose operations affect

26   commerce as places of lodging. Both meet the regulatory definition a ''place of lodging''

27   because they are inns, hotels, or motels that provide guest rooms for sleeping for stays that

28   primarily are short-term in nature (generally 30 days or less), and where the occupant does not

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 12 –
TOC

1    have the right to return to a specific room or unit after the conclusion of his or her stay; and

2    because they provide guest rooms under conditions and with amenities similar to a hotel, motel,

3    or inn, including the following— (1) On- or off-site management and reservations service;

4    (2) Rooms available on a walk-up or call-in basis; (3) Availability of housekeeping or linen

5    service; and (4) Acceptance of reservations for a guest room type without guaranteeing a

6    particular unit or room until check-in, and without a prior lease or security deposit.

7         65.  On information and belief, and as to the hotel, this complaint already joins all parties

8    known to:

9              (i)    Claim an interest in the subject matter of this action;

10             (ii)   Be necessary to accord complete relief among the parties; and

11             (iii)  Be indispensable to obtaining complete relief.

12

13   **G.  Construction Work in General**

14        66.  Construction work has occurred at the subject hotels within the statutory period of

15   Health & Safety Code §§ 19955 et seq., i.e., on or after enactment on July 1, 1970, and through

16   the present time. Specifically, the Sheraton was built new in approximately 1974 and the Westin

17   in approximately the 1998-2002 timeframe, and both have undergone several mutli-million

18   remodeling projects, upgrades and/or additions.

19        67.  On information and belief, such construction work includes:

20             a.    New construction

21             b.    Additions

22             c.    Improvements

23             d.    Remodeling

24             e.    Alterations, and/or

25             f.    Structural repairs

26        68.  For the public facilities, such as the sidewalks, curb ramps, bus loading zone, etc.,

27   construction work has occurred within the statutory period of Government Code Sections 4450 et

28   seq., i.e., since on or after enactment on June 6, 1968, and through the present time.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

69.  Plaintiff separately alleges that construction work also occurred at the two private properties and the subject public facilities within the statutory period of the Americans with Disabilities Act of 1990, i.e., on or after enactment on January 26, 1992, and through the present time. Ascertaining which parts of this work occurred during the period of time while the ADAAG regulations of 1991 were in effect versus those that occurred when the ADAS regulations of 2010 went into effect in March of 2012 will require further investigation and discovery.

**H.  Construction Work at the Two Hotels**

70.  <u>Westin's Original Construction</u>. Public and online records suggest the Westin Palo Alto was newly built somewhere between 1998 and 2002. If correct, those facilities as they then existed were subject to either the 1995 Edition of the California Building Code (Hereafter, "95-CBC" or "95-T24"), the 98-CBC, or the 01-CBC.

71.  <u>Sheraton's Original 1973 Construction</u>. Public records indicate the Sheraton Palo Alto was newly built in approximately 1974. Consequently, those facilities as they then existed were subject to the 1961 ASA Regulations (Hereafter, "ASA").

72.  According to information and belief, other alteration or remodeling work performed without permits has occurred at the property triggering the obligation of defendants to comply with literal accessible design requirements of state and federal law.

73.  For instance, on information and belief, and during the statutory period of both California and federal law:

a.  The subject guestrooms have received new fixtures and/or re-tiled surfaces.

b.  Other parts of the property have undergone triggering work with or without permits.

**I.  Construction Applicable to the Public Facilities**

74.  On information and belief, the subject public facilities were all constructed, altered, and structurally maintained since on or after June 6, 1968. Also, resurfacing projects along the

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

− 14 −
TOC

1    subject portions of El Camino Real, which also includes the resurfacing the hotel's adjoining

2    passenger loading zone, are an alteration within the meaning of 28 C.F.R. § 35.151(e), and that

3    the Government Defendants were, therefore, required to ensure that fully accessible curb ramps

4    were installed in those areas where the resurfacing occurred.

5

6    **J.   Absence of Defenses**

7    75.  On information and belief, during the statutory period of the ADA, Defendants have

8    performed no barrier removals or policy adjustments.

9    76.  As of this filing, Defendants have not engaged a CASp to determine their access

10   obligations as dictated by their construction history.

11   77.  As of this filing, defendants have no present plans to remove barriers or make the

12   requested policy modifications, nor building permit or permit applications on file to perform

13   same.

14   78.  None of the work conducted at this hotel and their resulting deviations from the literal

15   design requirements for access qualified for a construction tolerance, and for at least the

16   following reasons.

17        a.   This was a new construction project, and achieving full compliance was subject

18   to careful design and construction techniques.

19        b.   At the time of construction there were no "*in-the-field conditions*" that would

20   have justified deviation from the literal design requirements, or that were not capable of

21   avoidance through careful design and construction techniques.

22        c.   Many, if not most, of the deviations were subject to specific ranges of

23   compliance, and thus were of the type where construction tolerances are never allowed.

24   79.  For all construction projects, there is no evidence on file with the local building

25   department that defendants or predecessors ever obtained, much less sought, any form of relief

26   from the literal design requirements for disabled accessibility imposed by Title 24 or the Health

27   & Safety Code. This includes a failure to obtain:

28        a.   An "exception" from such requirements (which required formal filings with the

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

1  building department meeting the requirements for unreasonable hardship exceptions).

2         b.     An "exemption" from such requirements (which requires ratification through an

3  appeals process).

4         c.     The building department could not have lawfully granted an unreasonable

5  hardship exception ("UHE") excusing it from performing its path of travel obligations, because

6  this form of exception does not apply to new construction.

7         d.     Per the restrictions for granting this exception, this last statement is true for at

8  least the following reasons:

9         e.     As to the new construction in 1998 at the Westin, these areas did not qualify for

10  a UHE.

11         f.     For the same reason, it did not qualify for an exception under the ENR ceiling in

12  effect at the time of work.

13     80.  For each alleged access violation listed herein at Exhibit 1, there are no scoping or

14  occupancy-specific exemptions available to hotels under state or federal law, i.e., that would

15  reduce these obligations or excuse making them complaint.

16         a.     Under both Title 24 and federal law, the general site arrival and accessible route

17  obligations are found among the chapters imposing general requirements, and thus they apply

18  to all types of facilities unless reduced or exempted by scoping or occupancy. (See, e.g.,

19  generally, 89-CBC at § 611(a), Interpretive Note ("The general requirements section covers

20  items which are common to all buildings including, parking, entrances, doorways, restrooms.

21  etc. These general items must be provided in all buildings which are required to be accessible

22  by these regulations"); 16-CBC and clarification of this form of application found at

23  §§ 11B-201.1, 11B-301.1; 11B-401.1; & 11B-501.1; and same under ADAS at §§ 201.1, 301.1;

24  401.1; 501.1, & DOJ Advisory 201.1 (providing that requirements apply to all areas of a

25  facility "unless exempted, or where scoping limits..").

26         b.     Neither Title 24 nor the federal code provide hotels a scoping-specific- or

27  occupancy-specific-exemption that would limit, reduce, or excuse defendants from performing

28  the obligations set forth herein. (See 01-CBC § 1111B.1 and § 1111B.4 (Group R, requiring at

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages          – 16 –

TOC

the former that accessibility be provided in all public use and common areas); 16-CBC

§ 11B-224 (re hotel scoping, providing no scoping restriction applicable to parking for hotels);

and ADAS § 224 (same).

81.  There are no other defenses or legal entitlements that would excuse defendants from

performing these obligations.

82.  In additional to the general requirements imposed by state and federal accessibility

codes, and those imposed by the state for Group R occupancies, this business must meet

additional the requirements for other occupancies housed within it, including, but not limited to,

Groups A, B & M.

83.  Because accessibility codes have changed over the years while defendants neglected to

correct their construction access violations, any work they now undertake to correct these

violations will also have to meet any heightened requirements imposed by the modern state and

federal codes applicable to the work conducted in the original areas of alteration, i.e., in

accordance to the modern requirements now imposed by the 2022 California Building Code

("19-CBC") and 2010 Americans with Disability Act Standards ("ADAS").[2]

84.  Consequently, for each of the violations that are noted hereinbelow, plaintiff will cite

the obligations imposed by modern code requirements.

**K.  Standing.**

85.  Plaintiff utilized the subject facilities of the hotel, as well as the public facilities, during

the period on or about November 27 through the 28, 2021. All barriers she encountered as

alleged herein were within this period and shall be referred to herein and in Exhibit 1 as

"Encounter."

86.  Before her stay, Defendants and their website had represented to plaintiff that their

facilities were "*accessible*" and plaintiff reasonably relied upon these representations, to her

damage, per the conditions outlined in Exhibit 1.

---

[2]  See, e.g., 10-ADAS §§ 202.3 & 202.4; 16-CBC §§ 11B-202.3 & 11B-202.4; Cf. *Shelby Realty Company v. City of San Buena Ventura*, 10 Cal.3d 110, 125 (1973) (court "will apply the law in existence at the time of its decision").)

Verified Complaint for Equitable Relief and Damages

– 17 –

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

87.  While staying at the hotel, plaintiff was directed to park at the pair of disabled parking spaces located in the area between the Sheraton and Westin and because the hotel's parking ramp was undergoing construction. After leaving her vehicle, she discovered there was no accessible route back to the hotel's main entrance, and that reaching this destination required descending a steep and dangerous roadway surface. In the process, these slopes caused pain and bodily injury to her knees, ankle and back.

88.  Also, while staying in her room, the plaintiff repeatedly injured her shoulders, elbows and back when attempting to utilize her room's main entrance, whose closer was not properly adjusted to the required operating pressure and closing speed.

89.  By her current knowledge of the inaccessible conditions of the hotel, she was also deterred from returning to the hotel to rent a room and utilize its facilities, which, so far, was on or about the following dates: In February 2022, April 2022, May 2023 and August 2023.

90.  She is aware that the identified barriers are pervasive and encompass the entire hotel and Westin Palo Alto and Sheraton Palo Alto and as detailed at Exhibit 1and its estimated 1907 barrier conditions.

91.  She understands the state and federal codes require full and equal access to goods, services, advantages, and accommodations.

92.  The subject barriers and practices inhibit Moralez from enjoying full and equal access.

93.  They violate state and federal codes protecting disabled access.

94.  As of this filing, nearly all conditions have not changed.

95.  Consequently, they continue to deny her and wheelchair users their basic rights.

96.  She has both Article III and prudential standing to seek the specified relief, which is established by the following:

    a.   She has suffered an actual injury, which continues through this filing.

    b.   As set forth herein, she was injured and damaged on the dates specified in paragraphs 85 thru 88.

    c.   All barrier removals and policy changes that she seeks relate to her specific disabilities as set forth in paragraphs 16 through 28. She encountered all such conditions and/or

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 18 –

1    is deterred from returning by her current knowledge of their existence.

2          d.    As further set forth in the list of barrier and policy conditions at Exhibit 1, these

3    conditions are restricted to those that affect her:

4                      (i)  Use of a wheelchair.

5                      (ii) Urinary track issues.

6                      (iii)  Diminished strength, grasping, stamina, and reach abilities.

7          e.    Within the last three years she has suffered the discrimination described herein.

8          f.    She and her partner have an established history of visiting and/or staying

9    overnight Palo Alto and Santa Clara at least every six months for shopping at the Westfield

10   Mall, the local downtown, and the Santana Shopping District, and for medical appointments at

11   Stanford.

12         g.    She utilizes and stays in the area for access to sightseeing, and other local

13   attractions.

14         h.    Due to this interest, proximity, convenience, and other factors, she has an

15   extremely high probability of returning to these two hotels and their facilities and restaurants

16   when made accessible.

17         i.    She thus reasonably expects the need to return when the site is made accessible

18   on a yearly to bi-yearly basis.

19         j.    She is aware and/or experienced each of the described barrier and policy

20   conditions.

21         k.    She has made herself generally knowledgeable about her civil rights.

22         l.    She has bothered to make herself aware of the hotel's construction history as

23   detailed in paragraphs 70 through **Error! Reference source not found.**

24         m.    She has also made herself generally aware of defendants' legal obligations.

25         n.    For the foreseeable future, she is likely to be deterred by her knowledge of these

26   conditions from returning, particularly by the hotel's guestroom facilities.

27         o.    She thus has reasonable grounds to fear she is about to be subjected to

28   discrimination.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 19 –

TOC

p.    And to believe that she is both aggrieved and potentially aggrieved.

q.    The site's correction will immediately enable her to return and enjoy the two hotels on a full and equal basis, including their site arrival facilities, lobby facilities, walkway and pool facilities, public restroom facilities, conference facilities, restaurant, bar, retail and business center facilities, guestroom facilities, and other amenities.

r.    When corrected, she plans to return and use those portions that currently deter her.

s.    She has invested substantial time, money, and research in determining the hotel's statutory obligations.

t.    For the foregoing reasons, she has injuries that continue to be redressable.

u.    She will therefore benefit from the injunction sought.

97.  Herein, she seeks to protect and fully enforce the public interest and will place such interest ahead of her own.

**L.  Damages**

98.  The subject barriers and policies act to deny Moralez the full and equal opportunity guaranteed to her by law, as well as full integration into the hotel's programs and services, as well as those relevant to the government's subject public facilities.

99.  On information, each of the defendants continue to violate the rights of wheelchairs users.

100. As a result, she has been required to incur legal expenses and attorney fees.

101. These have been incurred to enforce her rights and to enforce the law.

102. Her efforts also seek to protect access for individuals using wheelchairs.

103. Her efforts thus justify "public interest" attorneys' fees.

104. Because on the dates specified in para. 85 thru 88 the inaccessibility of the subject site arrival facilities, lobby facilities, bar and restaurant facilities, recreational facilities, guestroom facilities, and other facilities, services and amenities, Moralez was unable to use them on a full and equal basis and suffered discrimination.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 20 –

TOC

1    105. Defendants' subject "Violations" (as described in Exhibit 1), and their denial of

2    facilities that are readily accessible and usable by her, have caused her both injury and distress,

3    to her general damage, as also described therein. More specifically, she suffered:

4            a.    Denial of her civil rights

5            b.    Embarrassment

6            c.    Humiliation

7            d.    Physical and bodily injury, and

8            e.    Serious emotional distress.

9    106. On the occasion of her visit, Plaintiff suffered severe and significant injury to forearms

10   and hands due to the heavy door pressure in her hotel room as well as the conditions noted

11   affecting moving between the parking and the hotel main entrance.

12   107. Her damages are those normally and naturally associated with violation of one's civil

13   rights.

14   108. She seeks actual damages for each offense, and strictly on a per-incident of deterrence

15   and per-offense basis.

16   109. She also seeks damages for each date of deterrence, and subject to proof at time of trial.

17   110. Her claim for damages is limited to all dates of use and deterrence to the hotel occurring

18   within three years of the date of this filing, per CCP Section 338(a). (See ¶86.) [3]

19   111. Alternatively, she seeks $4,000 per offense and deterrence, subject to proof, per Civil

20   §52(a).

21   112. Alternatively, she seeks $1,000 per offense and deterrence, subject to proof, per

22   §54.3(a).

23   113. She will also seek an enhancement under Code Civ.Proc. §1021.5.

24   114. Since defendants' actions violated statutory protections concerning the accessibility of

25   her guestroom's main entrance and the steep path of travel from the handicap parking to the

26   Westin's main entrance, plaintiff will present this as evidence of negligence per se.

27

28

---

[3]   See, West Shield Investigations and Sec. Consultants v. Superior Court (2000) 82 Cal.App.4th 935; and Gatto v. County of Sonoma (2002) 98 Cal.App.4th 744, 754.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

**M. Violations.**

115. To resolve plaintiff's injunctive and declaratory relief claims concerning the accessibility of the hotel's facilities and services for individuals using wheelchairs and having reach and grasping disabilities like plaintiff, she requests an order requiring defendants to perform the structural work and policy changes set forth in Exhibit 1 so as to bring to bring this public accommodation and its facilities into full compliance with the code, and an order declaring conclusions of fact and law as set out in Exhibit 1, which is hereby incorporated by reference as if fully restated hereafter as a part of paragraph 115.

116. All the identifications made in Exhibit 1 are without prejudice to plaintiff citing additional structural and policy conditions after a formal inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under <u>Doran v. 7-Eleven, Inc</u>., 524 F.3d 1034 (9th Cir. 2008); <u>Chapman v. Pier One Imports (USA), Inc</u>., 631 F.3d 939 (9th Cir. 2011); and <u>Oliver v. Ralphs Grocery Co</u>., 654 F.3d 903 (9th Cir. 2011). This shall include further streetside facilities, public sidewalks, walkways, signage, circulation paths, parking facilities, entrances, doors, operable parts, recreational facilities, swimming pool facilities, restaurant and bar facilities, registration facilities, business center facilities, public restroom facilities and transient guest lodging facilities.

**VI. <u>Causes of Action</u>**

**I.**

**Title III of the Americans with Disabilities Act**

**(Against Only the Private Hotel Defendants)**

117. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

118. This cause of action is applicable to the hotel defendants.

119. It is under Title III of the ADA, 42 USC §§ 12101ff.

120. Title III covers structural obligations imposed by various provisions of law, including:

121. The Americans with Disabilities Act Accessibility Guidelines (ADAAG);

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages                – 22 –
TOC

122. The Americans with Disabilities Act Standards (ADAS); and

123. Part III of the Department of Justice implementing regulations, 28 CFR Part 36.

124. The hotel's various facilities each qualify as public accommodations.

125. Under this title, each of the defendants qualify as an owner, operator, lessor, or lessee.

126. Under this title, each of the defendants also qualify as controller or manager.

127. Public accommodations provide proper structural facilities but must also ensure equality of its services. To address this concern, the ADA contains an array of requirements designed to ensure public accommodations take the proper steps to achieve full equality and integration when providing services, including:

a.      By requiring provision of benefits and services to customers with disabilities on an equal and integrated basis unless utilization of differences and separation are essential to affording these benefits and service. See 42 USC 12182 at subs. (b)(1)(A)(i)-(iv), and (B)-(C). [4]/

b.      By requiring that public accommodation ensure its "*contractual, licensing, or other arrangements*" do not serve to deny this equality and integration. (Id.)

c.      By requiring public accommodation (PA) to take "*necessary steps*" to ensure equality. Id. at § (b)(2)(A)(i).

d.      Similarly, and somewhat related to these programmatic obligations, if a public accommodation that can demonstrate that a barrier removal is not readily achievable, by requiring it to provide its services through "*alternative methods*" if such methods are readily achievable. 42 USC 12182 at §§ (b)(2)(A)(v).

e.      By requiring the public accommodation must work to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. DOJ Title III Regs at 28 CFR 36.211.

f.      Finally, when necessary to affording them benefits and services, by requiring the

---

**4**     More broadly under the statute, the requirement of equality extends to "*goods, services, facilities, privileges, advantages, and accommodations.*" See 42 USC 12182(b)(1)(A)(i).

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

1    public accommodation to "*modify policies practices and procedures,*" and unless it can

2    demonstrate that making the modifications would "fundamentally" alter the nature of its

3    benefits and services. Id. at § (ii).

4           g.    Shorthand. Because the foregoing requirements usually all involve proper

5    employee training, the Complaint shall refer this array of requirements as PPP requirements.

6    128. Defendants' current policies, practices, and procedures discriminate against persons

7    who use wheelchairs.

8    129. They deny Moralez her right to full and equal enjoyment of the facilities and services.

9    130. They may be modified reasonably without much difficulty or expense.

10    131. Such a modification is necessary to allow individuals using wheelchairs to use Westin

11    Palo Alto and Sheraton Palo Alto's lodging services and facilities.

12    132. Defendants' failure to make such modification thus violates 42 USC 12182(b)(1)(A)(i).

13    133. The current practices concerning maintenance and lodging arrangements are

14    unreasonable.

15    134. The foregoing current practices deny full participation in violation of §12812(b)(1)(A).

16    135. They also cause participation in an unequal benefit in violation of §12812(b)(1)(B).

17    136. They also cause her and others to receive different benefits in violation of

18    §12812(b)(1)(C).

19    137. At all times after January 25, 1992, the specific conditions identified herein in the in

20    Exhibit 1 as being a "programmatic claim" were:

21           a.    Capable of removal without much difficulty or expense, per 12182(b)(2)(A)(iv);

22           b.    And where they are not so, mitigatable through reasonable modifications under

23    Id., subs. (ii);

24           c.    Was part of a newly constructed area, per § 12183(a)(1);

25           d.    Was part of an "altered" area, per § 12183(a)(2); and/or

26           e.    Impacted an area of "primary function" and "path of travel" obligations, per Id.

27    138. Each of the conditions identified in Exhibit 1 deny plaintiff facilities that are readily

28    accessible and usable.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 24 –

TOC

139. The conditions therefore discriminate against her because of her disabilities.

140. Moralez is entitled to the remedies and procedures set forth in 42 USC 2000a-3(a).

141. She seeks an injunction, per § 12188(a)(1) thru (2).

142. She seeks an award of reasonable attorney's fees, litigation expenses and costs, per § 12205.

143. This request additionally seeks the expense of experts and consultants, per 28 CFR 36.505.

Wherefore, she prays that this court grant relief as hereinafter stated.

## II.

## Health & Safety 19955 et seq.

## (Against Only the Private Hotel Defendants)

144. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the immediately preceding last-numbered paragraph.

145. Because of her standing she is both aggrieved and potentially aggrieved.

146. This cause of action is applicable to the private-named defendants.

147. Defendants' businesses are public accommodations and facilities, per §19955(a).

148. They are comprised of buildings, structures, facilities, complexes, or improved areas.

149. They are open and available to the public.

150. They have sanitary facilities that are made available to the public, clients, and employees.

151. The guestrooms, restrooms and other facilities are a fundamental part of defendants' facilities.

152. Without these facilities, wheelchair users are denied fundamental access to such facilities.

153. Hence, defendants deny such users access to an unreasonable portion of their facilities.

154. Under §§ 19955 et seq., she seeks correction of each structural item listed in Exhibit 1.

155. Per Section III. F. at ¶¶ 66 through 84, supra, and Exhibit 2, infra, construction work has

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

− 25 −

TOC

triggered such obligations under § 19956, and without there being a viable defense, and whether documented or otherwise within the building department files.

156. Such work obligated compliance with Chapter of the Government Code, §§ 4450 et seq.

157. Such work obligated compliance with the regulations of the ASA and/or the later Title 24.

158. Defendants' facilities fail to meet those obligations, as outlined in Exhibit 1.

159. She seeks an injunction as well as an award of reasonable attorney's fees per § 19953.

160. She seeks an award of attorney's fees and an enhancement under CCP § 1021.5.

Wherefore, she prays that this court grant this and the other relief set forth in the prayer.

**III.**

**Disabled Rights Acts, Civil Code §§ 54 et seq.**

**(Against Only the Private Hotel Defendants)**

161. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

162. The hotel and its businesses are each a public accommodation, per Civil Code § 54.1.

163. They each also meet the broad categorization of covered-business types listed in § 54.1.

164. Civil Code §§ 54 et seq. is referred to as the California Disabled Rights Act (CDRA).

165. The CDRA covers structural obligations imposed by other laws.

166. She therefore incorporates in full the second cause of action.

167. She also seeks to remedy policy violations, i.e., if this is necessary to guarantee physical access.[5]

168. Defendants' facilities fail to meet those obligations, as outlined in Exhibit 1.

169. Defendants' acts and omissions outlined herein violate her rights under the CDRA.

170. Defendants' violations of the ADA also constitute violations of the CDRA, per 54.1(d).

171. Accordingly, the first cause of action hereinabove is reincorporated as if separately repled.

172. Defendants' facilities fail to meet those obligations, as outlined as outlined in Exhibit 1.

---

[5] *Turner v. Ass'n of Am. Med. Colleges*, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), as modified.

Verified Complaint for Equitable Relief and Damages

173. Additionally, policies that Act to Deny Physical Access. See also, <u>Turner v. Ass'n of Am. Med. Colleges</u>, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), as modified (recognizing a remedy under state law against policy discrimination that serves to deny physical access).

174. Defendants' current policies, practices, and procedures (as outlined as outlined in Exhibit 1) discriminate against persons who use wheelchairs.

175. She has been denied her rights under both the CDRA and ADA as outlined herein

176. As a result, she has suffered damages, and seeks relief, as set forth at section III., I. at ¶¶ 98 through 114.

177. She seeks additionally seeks an award of treble damages per Civil Code § 54.3.

178. She seeks an award of reasonable attorney's fees and costs per Id.

179. She also seeks an injunction as well as an award of reasonable attorney's fees per § 55.

180. She seeks an award of attorney's fees and an enhancement under §1021.5.

Wherefore, she prays that this court grant this and the other relief set forth in the prayer.

**IV.**

**Unruh Civil Rights Acts, Civil Code §§ 51 et seq.**

**(Against Only the Private Hotel Defendants)**

181. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

182. This cause of action is applicable to the named-private defendants.

183. The Westin Palo Alto and Sheraton Palo Alto, as well as the hotel in general, each meet the broad categorization of covered-business types listed in § 51(f).

184. Civil Code §§ 51 is referred to as the Unruh Civil Rights Act (Unruh).

185. Unruh covers structural obligations imposed by other provisions of law, such as Title 24.

186. She therefore incorporates in full the second cause of action.

187. She also remedies policy breaches that are necessary to guarantee physical access.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 27 –
TOC

188. Defendants' facilities fail to meet those obligations, as outlined in Exhibit 1.

189. Defendants' acts and omissions outlined herein violate her rights under Unruh.

190. Defendants' violations of the ADA also constitute violations of Unruh, per § 51(h).

191. She has been denied her rights under both Unruh and the ADA as outlined herein.

192. Defendants' facilities fail to meet those obligations, as outlined in Exhibit 1.

193. Additionally, policies that Act to Deny Physical Access. See also, _Turner v. Ass'n of Am. Med. Colleges_, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), as modified (recognizing a remedy under state law against policy discrimination that serves to deny physical access).

194. Accordingly, the first cause of action hereinabove is reincorporated as if separately repled.

195. As a result, she has suffered damages, and seeks relief, as set forth at ¶¶ 98 through 114.

196. She seeks additionally seeks an award of treble damages per Civil Code § 52(a).

197. She seeks an award of reasonable attorney's fees and costs per Id.

198. She also seeks an injunction per common law applicable to Unruh.

199. She seeks an award of attorney's fees and an enhancement under §1021.5.

Wherefore, she prays that this court grant this and the other relief set forth in the prayer.

## V.

## Government Code Section 12948

## (Against Only the Private Hotel Defendants)

200. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

201. This cause of action is applicable to the private hotel defendants.

202. A violation of the CDRA or Unruh entitles violates Government Code § 12948.

203. She therefore incorporates in full the fourth and fifth cause of action.

204. Defendants' facilities fail to meet those obligations, as outlined in Exhibit 1.

205. She therefore seeks alternatively under this statute:

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 28 –

a.  Injunctive relief;

b.  Statutory and compensatory damages;

c.  Punitive damages pursuant to Civil Code § 3294; and

d.  Attorney's fees, litigation expenses and costs.

Wherefore, she prays that the Court grant relief as requested herein below.

## VI.

## Negligence

## (Against Only the Private Hotel Defendants)

206. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

207. This cause of action is applicable to the private hotel defendants.

208. Irrespective of the statutory requirements, defendants were negligent in their actions.

209. Plaintiff was injured because prior to plaintiff's visit, the defendants had negligently, and with complete indifference, conducted alterations and remodeling work in the designated mobility accessible guestroom without providing and maintain accessible door closers with the required maximum door pressure and minimum closing speed.

210. The obligation to provide accessible door closers is codified at See 22-CBC 11B-404.2.9 and all past versions of this regulation in effect during the various remodeling projects affecting the hotel's inventory of guestrooms and as set forth in the footnote, which are incorporated by reference.[6]

211. The California Building Standards Commission approved the codification of these health and safety measures pursuant to their mandates in the Health & Safety and Government Codes. The purpose of this code section was to establish the minimum requirements to provide a

---

[6] Substantially similar requirements appear at the time of all guestroom remodeling projects dating back to 1982. See 81-CBC thru 89-CBC at Sec. 2-3304(I) 2; 92-CBC thru 95-CBC at Sec. 3304(i.3); 98-CBC at Sec. 1004.13; 01-CBC thru 10-CBC at 1133B.2.5; and 13-CBC thru 22-CBC at 11B-404.2.9.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

1    reasonable level of safety, health, and general welfare.

2       212. The dimensions of these standards at doors were developed over the last 60 years after

3    careful study of the needs of disabilities when using these facilities, and their codification helps

4    ensure the regularity of the built environment. This regularity helps ensure that individuals with

5    mobility conditions that require the full-time use wheelchair, like plaintiff, can adapt to this built

6    environment, develop the necessary strength, and the muscle memory necessary for safely

7    opening and maneuvering through a doorway in a regular and predictable manner. Without that

8    regularity, their safety is compromised, and risks injury in a highly foreseeable manner.

9       213. Because this negligence violated statutory and regulatory protections that are designed

10   to ensure the health and safety of persons like plaintiff when accessing doorways and entrances,

11   the failure to satisfy these health and safety standards is evidence of negligence per se.

12      214. Such negligence proximately caused her a severe shock to the system and bodily injury,

13   including, but not limited to, bruising, inflammation, immobilization, pain, stress, suffering, and

14   strain.

15      215. The negligence was done with complete indifference of the probable result.

16      216. She therefore alternatively seeks:

17          a.    Compensatory damages.

18          b.    Punitive damages pursuant to Civil Code § 3294.

19      Wherefore, she prays that the court grant relief as requested herein below.

20

21                                    **VII.**

22                          **Declaratory Relief**

23            **(Against Only the Private Hotel Defendants)**

24      217. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru

25   the preceding-numbered paragraph.

26      218. This cause of action is applicable to the private hotel defendants.

27      219. A present and actual controversy exists.

28      220. It relates to:

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

     a.     To establish the respective rights and obligations between her and defendants.

     b.     Whether construction has impressed obligations upon the property.

     c.     Whether they are impressed irrespective of past or future ownership.

     d.     Whether because of past construction, each condition in Exhibit 1 is an illegal non-conformance under the state and/or federal codes.

     e.     Whether the non-conformance results in facilities that are not readily accessible to and usable by plaintiff and others similarly situated.

     f.     Whether non-conformities therefore discriminate against individuals because of their disabilities.

     g.     Finally, whether the relief ordered by the court in relation to all causes of action fully vindicates attendant civil rights.

221. She requests a judicial determination by declaration of such rights and such obligations.

222. Such a declaration is necessary and appropriate so that the parties may ascertain their rights.

223. It will also prevent further harm or infringement of her civil rights.

Wherefore, she prays the court grant relief as requested herein below.

## VIII.

### Business & Professions Code § 17200 and 17500 et seq.

### (Against Only the Private Hotel Defendants)

224. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

225. This cause of action is applicable to the private hotel defendants.

226. Section 17200 is part of the Unfair Business Practices Act.

227. The act defines the practices that constitute unfair business competition.

228. They include any "unfair," "unlawful," or "fraudulent" business act or practice.

229. As remedies, the Act provides for injunctive relief, restitution, and disgorgement of profits.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

230. The unlawful, unfair, and fraudulent business acts and practices are as described herein.

231. Such practices violate the declared legislative policies as set forth by state and federal law.

232. Particularly, they include, but are not limited to, those detailed at Exhibit 1.

233. She and other individuals similarly situated have been damaged by said practices.

234. She has lost money and property due to the defendants' conduct.

235. She seeks relief §§ 17200 and 17203.

Wherefore, she prays the court grant relief as requested herein below.

## IX.

### Title II of the Americans with Disabilities Act

### (Against Only the Government Defendants)

236. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

237. This cause of action is applicable to City and relates strictly to the claims at within Exhibit 1.

238. According to information and belief, the Government Defendants own or control each of these areas, and they were constructed pursuant to government program.

239. On information belief, Government Defendants violated the ADA after its effective date by failing to construct and alter this area such that the governmental facilities are readily accessible to and usable by plaintiff and other persons with disabilities.

240. The federal regulations promulgated to enforce the ADA require that each new facility or part of a facility constructed or altered after January 26, 1992, conform to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") or the Uniform Federal Accessibility Standards ("UFAS"). 28 C.F.R. § 35.151.

241. The obligation of accessibility for alterations does not allow for non-compliance based upon undue burden. Kinney v. Yerusalim, 9 F.3d 1067, 1071 (3rd Cir. 1993).

242. Specifically, 28 C.F.R. section 35.151(e) states: "Newly constructed or altered streets,

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 32 –

TOC

1    roads, and highways must contain curb ramps or other sloped areas at any intersection having

2    curbs or other barriers to entry from a street level pedestrian walkway."

3        243.Street resurfacing projects along the four subject streets, which included resurfacing the

4    hotel's adjoining passenger loading zone, are an alteration within the meaning of 28 C.F.R.

5    § 35.151(e), and that the Government Defendants were, therefore, required to ensure that fully

6    accessible curb ramps were installed in those areas where the resurfacing occurred. Kinney v.

7    Yerusalim, supra, 9 F.3d at 1073-1074 (3rdCir.1993); see also, Kinney v. Yerusalim, 812 F.

8    Supp. 547 (E.D.Pa.1993); and Jones v. White, 2006 U.S. Dist. Lexis 61605 p. 70-71

9    (S.D.Tex.2006).

10       244.The Government Defendants have failed, in violation of Title II, to ensure that the

11   subject governmental facilities provide equal services, programs and activities to individuals

12   with physical disabilities, and/or that they do not serve to exclude such individuals.

13       245.Plaintiff was excluded from participation in or denied the equal benefits of Government

14   Defendants' services, programs, or activities or was otherwise discriminated against by

15   Government Defendants as a result of its failure to construct access from this street level

16   pedestrian walkway.

17       246.Simply put, because of the Government Defendants' failure to construct accessible

18   facilities, she is being denied the ability to easily access to the subject government areas,

19   including its curb ramps, crosswalks, sidewalks, and parks, and thereby is denied the ability to

20   become a self-reliant member of the community.

21       247.On information and belief, to the date of filing of the original complaint, the

22   Government Defendants have failed to make any of their facilities complained of and described

23   herein properly accessible to and usable by physically disabled persons, as required by law.

24       248.Such discrimination against plaintiff is by reason of her disability in that she is unable

25   to use the subject streets and sidewalks easily and safely, and because of the Government

26   Defendants' creation of physical obstacles that she cannot easily and safely overcome in his

27   wheelchair.

28       249.Plaintiff is entitled to the protections of the "Public Services" provisions of Title II of

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 33 –
TOC

the Americans with Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA").

250. As a direct result of this discrimination, which is in violation of section 202 of the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including injunctive relief and damages for violation of their Civil Rights, as previously plead.

251. Pursuant to 42 U.S.C. section 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

252. Government Defendants are each a public entity or agent who implemented the services for such agencies.

253. Under Title II, governmental entities were required by the compliance deadline of January 26, 1992, to perform a self-evaluation and implement a "transition plan," either bringing their facilities into compliance with the ADA accessibility guidelines or altering their programs to compensate for the accessibility deficiencies discovered in the ADA self-evaluation process.

254. The failure to have or implement a full transition plan taking into account this facility as a government service is an evidentiary factor that the Court may evaluate in determining whether Governmental Defendants have met their Title II obligations.

255. For trial and/or appellate purposes in this case, plaintiff reserves the right to challenge various district court precedents finding disabled citizens lack a cause of action against the failure of a government entity to have or implement a transition plan.

256. Removal of barriers and provision of access is further required under section 504 of the Rehabilitation Act of 1973 for all recipients of federal financial assistance used to fund the operations of the City and its other facilities, and under section 11135 Government Code for the receipt of similar state funding.

257. The Government Defendants have failed, in violation of Title II, to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from services, programs and activities related to the public facilities as set forth in strictly to the claims at within Exhibit 1

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

1    that are marked in the defendant hotel column as "Palo Alto."

2         258. As a result of such discrimination, in violation of section 202 of the ADA, plaintiff

3    Moralez is entitled to the remedies, procedures and rights set forth in section 505 of the

4    Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including

5    injunctive relief and damages for violation of their Civil Rights, as previously plead.

6         259. On information and belief, to the date of filing of the original complaint, the

7    Government Defendants have failed to make any of their facilities complained of and described

8    herein properly accessible to and usable by physically disabled persons, as required by law.

9         260. Moralez is further informed and believes that the Government Defendants have failed to

10   rectify this facility as a matter of deliberate indifference.

11        261. Plaintiff requests that an injunction be ordered Government Defendants to make this

12   facility accessible to and usable by individuals with disabilities.

13        262. Plaintiff seeks nominal damages related to her use of, and denial of access to, the

14   subject government facilities, as well as for subsequent dates of *deterrence*.

15        263. Wherefore, she prays the court grant relief as requested herein below.

16

17                                        **X.**

18                 **Section 504 of the Rehabilitation Act of 1973**

19                  **(Against Only the Government Defendants)**

20        264. Moralez repleads and incorporates by reference, as if fully set forth again herein, the

21   factual allegations contained in paragraphs 1 through the preceding-numbered paragraph of this

22   complaint and incorporate them herein as if separately repled.

23        265. This cause of action is applicable to Government Defendants and relates strictly to the

24   claims at Exhibit 1, p. 5 at ¶ 2.35 thru p. 7 at ¶ 2.58.

25        266. Moralez is informed and believes and therefore alleges that at all relevant times, the

26   City or one of its coordinated agencies is a recipient of federal financial assistance and state

27   funding.

28        267. When viewed as a whole, the Government Defendants' program for this type of facility

---

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

1   fails to provide reasonable access.

2       268. Here, the lack of a vertical means of access between the two walking surfaces is

3   hazardous as it maroons the user in the street, forcing them into traffic to find a curb ramp at the

4   intersection at the end of the street. On information and belief, it is either impossible for the

5   Government Defendants to provide this service by alternative means and/or it fails to do so.

6       269. By its actions and/or inactions in denying disabled accessible on the subject route

7   serving the public right of way, Government Defendants have violated Plaintiff's rights under

8   section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated

9   thereunder, the Uniform Federal Accessibility Standards ("UFAS").

10      270. Liability under section 504 no longer requires proof that Government Defendants used

11  federal funds directly upon the subject newly constructed or altered facilities. Here, on

12  information and belief, the Government Defendants are liable for failing to make the subject

13  facility accessible at the time of new construction and/or subsequent alteration.

14      271. Since the time of the Civil Rights Restoration Act of 1987, "*program or activity*" now

15  includes all the covered entity's "programs or operations."

16      272. On information and belief, the division or agency of the Government Defendants that

17  received the federal assistance is structurally related to the Government Defendant agency of

18  division that administers the subject program related to passenger drop-off and loading zones.

19      273. Whether or not any of the Utility defendants receives federal funding is a fact peculiarly

20  within the possession and control of those defendants, and discernable during disclosures or

21  discovery.

22      274. Moralez seeks nominal damages related to the dates of her visit and attempted use of

23  these facilities as well as for subsequent dates of *deterrence*.

24      275. The design and programmatic violations detailed herein at Exhibit 1, p. 5 at ¶ 2.35 thru

25  p. 7 at ¶ 2.58 discriminate against plaintiff on account of her disability.

26      276. She seeks injunctive relief ordering Government Defendants to correct these access

27  deficiencies.

28      277. She seeks an award of reasonable statutory attorney's fees and costs.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages                                    – 36 –
                                                                                        TOC

278. Wherefore, Plaintiff prays that the Court grant relief as requested hereinbelow.

## XII.

### Violation of Government Code §§ 4450 et seq. and § 11135

### (Against Only the Government Defendants)

279. Moralez repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through the preceding-numbered paragraph of this complaint and incorporates them herein as if separately repled.

280. This cause of action is applicable to Government Defendants and relates strictly to the claims at Exhibit 1, p. 5 at ¶ 2.35 thru p. 7 at ¶ 2.58.

281. She is informed and believes and therefore alleges that the facilities identified in this paragraph were built, maintained, or leased with public funds, or grants, credits, and other funding measures.

282. She is further informed and believes and therefore alleges that Government Defendants and their predecessors in interest have since on or after June 6, 1968, constructed, altered, or repaired these facilities within the meaning of California Government Code sections 4450 and 4451, thereby requiring provision of access to persons with disabilities, as required by law.

283. Further, since January 1, 1982, construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of Regulations.

284. She seeks injunctive relief under section 19953 Health & Safety Code (governing enforcement of actions under sections 4450ff Government Code), and recovery of reasonable attorneys' fees and costs.

285. Liability under Section 11135 includes a failure to "meet the protections and prohibitions contained in Section 202 of the federal Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof." Accordingly, Plaintiff incorporates the allegations of the tenth cause of action, supra, under Title II.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

– 37 –
TOC

286. Pursuant to recent amendments of section 11135, a civil action for injunctive relief is also available to remedy violations.

Wherefore, she prays that this Court grant relief as requested hereinbelow.

## VI.  **PRAYER FOR RELIEF**

Moralez prays that this court award damages and provide relief as follows:

287. Per each of the requests made in in paragraph 115 and at Exhibit 1, grant injunctive relief against defendants and their successors-in-interest ordering:

a.    Renovation of their respective subject facilities and modifications of their respective policies, practices, and procedures to provide full and equal access per the conditions listed within the paragraph 99 and its incorporation of Groups 1 through 10 of Exhibit 1.

b.    Retention of jurisdiction over defendants, their successors, and the subject property and over the dispositional settlement, consent decree or judgment until satisfied all violations no longer exist and will not recur.

c.    Prohibiting the reopening of any closed businesses or any closed facilities until all conditions are remediated.

288. Per each of the requests made in in para. 115 and Exhibit 1, grant declaratory relief against defendants and their successors-in-interest that:

a.    Defendants' actions and omissions as outlined violate law.

b.    Sets forth plaintiff's rights. And,

c.    Sets forth defendants' obligations (please see para. 220 on p. 30).

289. Awarding plaintiff:

a.    Statutory and "actual" damages against the private entity defendants, according to proof.

b.    Nominal damages against the government defendants under Title II and the Rehabilitation Act.

c.    Treble damages against the private entity defendants where permitted.

d.    Punitive damages against the private entity defendants where permitted.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

1          e.      Prejudgment interest on all compensatory damages.

2          f.      All costs of this proceeding.

3          g.      Litigations expenses for the First Cause of Action.

4          h.      Reasonable statutory attorneys' fees as outlined herein, as well as an

5   enhancement.

6      290. Grant such other and further relief as this court may deem just and equitable.

7

8   Dated: November 27, 2023          LAW OFFICES OF TIMOTHY S. THIMESCH
                                      TIMOTHY S. THIMESCH
9
                                      GENE A. FARBER - Of Counsel
10
                                      /s/ Authorized Signed
11                                    Attorneys for Plaintiff FRANCISCA MORALEZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages

## VI.  <u>VERIFICATION</u>

I, Francisca Moralez, declare:

    1.    I am the plaintiff in this proceeding.

    2.    With some assistance I have read and understood the foregoing complaint.

    3.    I certify its factual allegations are true and correct.

    4.    This is excepting those matters which are stated to be based on personal information and belief.

    5.    This is also excepting those matters that are verified by my access consultant.

    6.    I make this verification under penalty of perjury pursuant to the laws of the United States.


Dated: November 27, 2023

                                 FRANCISCA MORALEZ

1

**PROOF OF SERVICE**

2         I am over the age of 18 years and not a party to the within action. My address is 4413

3   Prairie Willow Court, Concord, California.

    On November 27, 2023, at the direction of an attorney who is a member of this court, I

4   will serve the following document(s) on the following parties as follows:

5         FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
    (Moralez v. Palo Alto Plaza Hotel Limited Partnership, et al.)

6

    The California Commission on Disability Access

7       400 R Street, Suite 130
    Sacramento, CA  95811-6233

8       CCDA@DGS <CCDA@ccda.ca.gov>

9     X    This will be done after receiving back a filed-stamped copy of the Complaint. I will
    utilize the Commission's portal as its mandatory means of transmission.

10

I declare under penalty of perjury under the laws of the State of California that the foregoing is

11   true and correct. Executed this November 27, 2023 at Concord, California.

12

13

14         /s/ Authorized Signed_____
    TIMOTHY S. THIMESCH

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Verified Complaint for Equitable Relief and Damages